ROBERT STESKOVITZ, PLAINTIFF-APPELLANT, v. WEST END BUILDING AND LOAN ASSOCIATION OF NEWARK, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 24, 1940—Decided October 10, 1940.

For the plaintiff-appellant, *David I. Stepacoff*.

For the defendant-respondent, *Autenrieth & Wortendyke*.

The opinion of the court was delivered by

HAGUE, J. The plaintiff appeals from a judgment of non-suit in the Supreme Court. The suit was for damages resulting from personal injuries which the plaintiff sustained when,

on November 6th, 1938, the plaintiff, on leaving the apartment house where he had resided for four and a half years, fell as he stepped from the top to the next step of the five-step brick staircase leading from the street level to the apartment house entrance.

The complaint in two counts charges, first, negligence in the maintenance of the staircase and, secondly, nuisance in permitting the stairway to remain in a "dangerous and defective condition."

Two grounds of appeal were, argued; first, that the court erred in concluding "that there was no proof that the condition of the stairway was the proximate cause of the happening of the accident," and therefore should not have ordered a nonsuit; and, second, that it was error to strike out the testimony of Mr. Ricci who said that the "variations in the stairway were due to improper construction." We find no merit in either ground of appeal.

Plaintiff's testimony concerning the happening of the accident was as follows: "I crossed the platform, walked over the platform, and when I stepped down the first step below the platform my foot slid from under me. My feet went up in the air and I came down at the landing there on my back." There is no proof whatever in the case that there was any lack of maintenance of the stairway or that a state of disrepair in any degree existed. Mr. Ricci, called as an expert in order to prove improper construction, testified that the treads of the steps which should slope a quarter of an inch to accommodate the running off of rain water were not uniform; that the slope of the bottom step from rear to front amounted to a half inch; the second an eighth of an inch; the third a quarter of an inch; the next seven-eighths of an inch, and the top five-eighths of an inch, the depth of the tread in each case being not less than twelve inches. Assuming that a standard of construction was proved, nonetheless there is nothing whatever to show that the variations in slope caused the accident.

The appellant, in his argument that there was evidence to go to the jury, relies on the case of *Millman* v. *U. S. Mortgage and Title Guaranty Co.*, 121 *N. J. L.* 28. That case,

however, is factually different from this because there there was competent evidence of a negligent state of disrepair in the staircase of an apartment house. Likewise the case of *Martin* v. *City of Asbury Park,* 111 *Id.* 364, is no authority for the plaintiff's proposition. There the staircase maintained by the city of Asbury Park, in connection with its bathing facilities, "were wet, slippery and slimy," as was the handrail of the stairway. Reliance is also placed upon the case of *Leech* v. *H. & M. Railway Co.,* 113 *Id.* 366; *affirmed,* 115 *Id.* 114. But in that case the improper construction in the staircase, namely, an open angle or pocket next to the wall, was the direct cause of the plaintiff's mishap.

We find no evidence in this case that the deviation in grade of the steps, assuming such was properly proved, was in any way related to the plaintiff's accident. "A plaintiff must prove circumstances which render it probable and not merely possible that the defendant was at fault. He is not required to exclude beyond doubt the inference that the damage was due to a cause for which the defendant was not responsible. All that is required is that the circumstances should be so strong that a jury might probably, on grounds of probability rather than certainty, exclude the inference favorable to the defendant." The test is probability rather than certainty. This is the rule of all our cases on this subject. *Austin* v. *Pennsylvania Railroad,* 82 *N. J. L.* 416; *Jackson* v. *Delaware, Lackawanna and Western Railroad Co.,* 111 *Id.* 487; *Hercules Powder Co.* v. *Nieralko,* 113 *Id.* 195; *affirmed,* 114 *Id.* 254.

The second point argued by the plaintiff is that it was error for the court to strike out an answer given by the witness, Mr. Ricci, an architect. Towards the end of his testimony he was asked by plaintiff's counsel whether the variations in the grade of the treads were due to the elements. He replied in the negative. He was next asked, "What is it due to?" and he answered, "They were incorrectly built." There was a motion by defense counsel to strike out the answer as a conclusion and it was struck out. The outside steps in question had been built thirteen years before. No foundation whatever was laid for asking this witness that kind of a

question. He had not qualified as an expert on the wear and tear that would be brought about on this type of brick construction by the elements. It seems to us to have been a conclusion. Furthermore, there having been no evidence to show that the construction of the staircase was related to the accident, the evidence in question was immaterial.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.